UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

IBRAHIM MANSOUR,

    Plaintiff,

    v.

LA PORTE CLINIC LLC d/b/a
NORTHWEST MEDICAL GROUP – LA
PORTE, et al.,

    Defendant.

Case No. 2:23-CV-136-GSL-JEM

## OPINION AND ORDER

This matter is before the Court on Defendant Community Health Systems, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction [DE 20] filed on June 8, 2023. Plaintiff Ibrahim Mansour filed a response on October 27, 2023, and Defendant filed a reply on November 17, 2023.

Judge James Moody, who originally presided over this case, referred three questions of fact pivotal to the resolution of the instant motion to Magistrate Judge Martin for a report and recommendation. The case has since been reassigned to the undersigned judge. Judge Martin held an evidentiary hearing and issued his report. Plaintiff objected to the recommendations therein. By separate order, the Court has adopted Judge Martin's recommendation and overruled Plaintiff's objection. The motion to dismiss is now ripe for ruling.

## BACKGROUND

Plaintiff Mansour initiated this lawsuit by filing a Complaint alleging violations of the Americans with Disabilities Act, the Family and Medical Leave Act, and Title VII of the Civil

Rights Act of 1964. Defendant Community Health Systems, Inc. ("CHSI") is one of the five defendants named in the Complaint.

Previously in this litigation, the Court has made the following findings of fact related to CHSI's challenge to personal jurisdiction:

(1) Defendant Community Health Systems, Inc. was not Plaintiff Mansour's employer or joint employer,

(2) Defendant Community Health Systems, Inc. was not involved in the operation of the other entity-defendants named in this case, and

(3) Defendant Community Health Systems, Inc. substantially observed corporate formalities with the other entity-defendants.

## ANALYSIS

CHSI argues that the Court lacks personal jurisdiction over it. The boundaries of the Court's personal jurisdiction come from Indiana state law. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014), *as corrected* (May 12, 2014). Indiana law provides for the exercise of personal jurisdiction to the extent consistent with the United States Constitution. Ind. R. Tr. P. 4.4(A). When a defendant contests personal jurisdiction, it is the plaintiff's burden to show that jurisdiction exists. *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

The due process clause of the United States Constitution requires a defendant to have "minimum contacts" with the forum state so that haling the defendant into court in that forum does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). There are two forms of personal jurisdiction: general and specific. General jurisdiction exists where a defendant has constant and pervasive contacts with the forum state such that it is essentially "at home" there. *Kipp v. Ski Enter. Corp. of Wisconsin*,

783 F.3d 695, 697–98 (7th Cir. 2015) Specific jurisdiction looks to whether the lawsuit arises out of the defendant's forum-related activity. *Id.* at 698.

Plaintiff argues that the Court has specific jurisdiction over CHSI because CHSI is Plaintiff's employer or joint employer. This argument is foreclosed by the Court's factual finding to the contrary. The Court does not have specific jurisdiction over CHSI for this lawsuit.

Plaintiff also argues that the Court has general jurisdiction over CHSI. A corporate defendant is "at home" in its state of incorporation and principal place of business—neither of which for CHSI is Indiana. *See id.* For there to be general jurisdiction in any other state, the demanding standard of constant and pervasive contact must be met, and the standard "should not lightly be found" to be satisfied. *Id.*

Plaintiff argues that the Court has general jurisdiction over CHSI because CHSI owns 11 hospitals in Indiana and leases one and reports over 12.3 billion in revenue annually, of which 17.3% is from the Indiana facilities. Indiana's percentage of the revenue is higher than that of any other state. CHSI contests this on a factual basis, asserting that Plaintiff is conflating CHSI with the trade name CHS. As discussed in the Court's opinion on Judge Martin's report, CHSI does not have any operations or revenue. Its only business is that of being a publicly-traded company. As found in the Court's prior order CHSI does not operate its subsidiaries via an agency relationship with CHSPSC, LLC. CHSI it does not have constant and pervasive contact with Indiana. It is not "at home" here.

Plaintiff also identifies that a subsidiary's contacts can be imputed to the parent when the parent exerts an unusually high degree of control over the subsidiary or where the parent and subsidiary have failed to observe corporate formalities. Plaintiff asks the Court to impute subsidiary contacts to CHSI, but the Court found in its prior order that CHSI did not exert an

unusually high degree of control over the subsidiary defendants and that corporate formalities were substantially observed. Imputing subsidiary contacts would be improper. Therefore, Plaintiff's argument fails.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant Community Health Systems, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction [DE 20]. The Court **DISMISSES WITHOUT PREJUDICE** the claims against Defendant Community Health Systems, Inc. because the Court does not have personal jurisdiction over this defendant.

SO ORDERED.

ENTERED: August 11, 2025

/s/GRETCHEN S. LUND
Judge
United States District Court